CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

8/7/18

JULIA C. DUDLEY, CLERK
BY:  s/ K. DOTSON
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| ) | Crim. No. 5:18cr00015 |
| v.                               ) | |
| ) | **REPORT & RECOMMENDATION** |
| MANUEL RUTILO LOYA-CHAVEZ,       ) | |
| Defendant.                       ) | By:    Joel C. Hoppe |
| ) | United States Magistrate Judge |

This case was referred to the undersigned magistrate judge for the purpose of conducting a felony guilty plea hearing. This report and recommendation is submitted to the presiding district judge under 28 U.S.C. § 636(b)(3). The defendant waived his right to plead before a United States District Judge and consented to proceed before the undersigned magistrate judge.

On August 7, 2018, the defendant appeared with counsel before the magistrate judge, who personally addressed the defendant and admonished him pursuant to Rule 11(b)(1)(A)–(O) of the Federal Rules of Criminal Procedure.[1] Discussing the district judge's role of determining a sentence, the Court explained to the defendant that the sentencing range under the Sentencing Guidelines, which are advisory, not mandatory, would not be determined until a presentence report is written and a sentencing hearing held, that the district judge had the authority to impose a sentence more or less severe than called for in the guidelines, and that the sentence the defendant receives may be different than any estimate given by his attorney. The defendant stated that he understood the Court's admonishments. Accordingly, the undersigned finds that the defendant understands the charge to which he is pleading guilty and that his plea was knowingly made. Fed. R. Crim. P. 11(b)(1).

The Court also addressed the defendant personally as to his competency to plead and the voluntariness of his plea, specifically whether it resulted from force, threats, or promises. Fed. R.

---

[1] There is no plea agreement in this matter.

Crim. P. 11(b)(2). Based on this discussion, the undersigned found the defendant to be sufficiently competent to enter a plea, that he desired to plead guilty, and that his plea was voluntary.

The government orally proffered the following statements of facts:

The defendant is not a United States citizen, but a citizen of Mexico, and he is in fact Manuel Rotila Loya-Chavez, the person named in the indictment. He was removed from the United States in May 2001 on a removal order, in June 2008 on a reinstated removal order, and in August 2016 on an expedited removal order. In April 2018, the defendant was found in the United States at the Middle River Regional Jail. His fingerprints were taken, and they matched those of the individual previously removed. He did not claim a right to be in the United States, and there is no record that he submitted an application to the Secretary of Homeland Security or the Attorney General requesting permission to apply for admission to the United States.

The defendant agreed that those facts were accurate and did not contest them, and his counsel did not challenge the statement of facts. The undersigned finds that these facts provide a sufficient basis for the defendant's guilty plea to the charge of illegal re-entry. Fed. R. Crim. P. 11(b)(3).

The defendant pleaded guilty to the offense of illegal re-entry, in violation of 8 U.S.C. § 1326(a), as charged in Count One of the Indictment.

The magistrate judge finds the following:

1. The defendant's guilty plea was taken by the undersigned subject to the acceptance of the plea and sentencing by the assigned district judge and after the defendant consulted with an attorney and executed oral and written waivers;

2. The defendant fully understands the nature of the charge and relevant penalties;

3. The defendant fully understands his constitutional and statutory rights and wishes to waive those rights;

4. The defendant's guilty plea was freely and voluntarily tendered;

5. The defendant is sufficiently competent to enter a guilty plea; and

6. An adequate factual basis exists to support this plea.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the District Judge accept the plea of guilty and, after reviewing the pre-sentence investigation report, accept the plea agreement, and enter a final judgment finding the defendant guilty.

## RELEASE OR DETENTION PENDING SENTENCING

After entry of the plea, the undersigned conducted proceedings to determine the defendant's custody status pursuant to the standard set forth in 18 U.S.C. § 3143(a). Based on the following, the undersigned finds that clear and convincing evidence does not exist that the defendant is not likely to flee or pose a danger to the community if released:

The defendant has been held in pretrial detention and did not request release.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations

within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: August 7, 2018

*Joel C. Hoppe*
Joel C. Hoppe
United States Magistrate Judge